DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Timothy McCraney appeals his convictions of receiving stolen property in violation of R.C. 2913.51 and possession of cocaine in violation of R.C. 2925.11(A). We affirm.
 I.
On February 3, 1997, Detectives Shadie and Shaeffner were patrolling in a marked cruiser when they noticed a 1991 Ford Taurus with a broken vent window on the driver's side. The broken vent window indicated to the detectives that the Taurus may have been stolen, so they ran a check on the license number. While they awaited the results of the check, they followed the Taurus.
After a short time, the Taurus pulled up to a stop sign where the driver, McCraney, and the passenger jumped from the car and began running in opposite directions. The Taurus remained running and in gear. It rolled through the intersection and hit a corner store on the other side of the intersection, narrowly missing a school bus that was unloading children near the intersection. Shaeffner pursued McCraney on foot while Shadie used the police cruiser to box McCraney in. Eventually, McCraney was apprehended.
A search of the abandoned Taurus revealed a one-unit dose of crack cocaine in the center console. Also, the Taurus had been reported stolen on January 29, 1997, from a residence near McCraney's home. When questioned about the identity of the passenger, McCraney stated that the passenger was named Louis Feaster. However, the police were unable to locate any Louis Feaster from the information given to them by McCraney. McCraney denied that the Taurus was his, claiming that the passenger had picked him up in it that day. McCraney was eventually convicted of receiving stolen property and possession of cocaine.
 II.
McCraney's two assignments of error are that the evidence was insufficient to support his convictions and that the convictions were against the manifest weight of the evidence. "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported (emphasissic). Therefore, we will first determine whether McCraney's convictions were against the weight of the evidence.
The standard of review for a challenge to the weight of the evidence was recently set forth in State v. Thompkins (1997),78 Ohio St.3d 380:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
R.C. 2913.51(A) states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2925.11(A) states: "No person shall knowingly obtain, possess, or use a controlled substance." R.C.2925.01(K) defines possession as, "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Knowingly is defined in R.C. 2901.22(B): "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
As proof of his guilt, the state relies on the fact that McCraney was driving the Taurus wherein the crack cocaine was found. Because the broken vent window was apparent and McCraney admitted that he had never seen the passenger with this car before, McCraney had reasonable cause to believe the Taurus was stolen. Additionally, by attempting to flee, McCraney supplied strong circumstantial evidence of his guilt as to both crimes.
At trial, McCraney produced a witness named Antoine Anderson. Anderson claimed to have been the passenger. Anderson claimed that the Taurus was a "geeker" car — a car that was loaned to a drug dealer by a drug user in exchange for drugs. Anderson testified that he had gotten the car from his brother who had gotten it from a crack cocaine addict. Anderson claimed that he did most of the driving that day and had no idea that the Taurus had been reported stolen. Anderson admitted that he had smoked crack cocaine before, but denied that he had smoked any that day. When asked about the crack cocaine that was found in the car, Anderson refused to answer on the grounds that his answers may incriminate him. Anderson did say, however, that the crack cocaine was not McCraney's.
McCraney claimed that, although he noticed that the vent window had been broken, he had no idea the Taurus was stolen. McCraney claimed that he had asked Anderson if the Taurus was stolen and Anderson had said it was not. Because Anderson had the ignition key, McCraney argues it was reasonable to believe Anderson. McCraney testified that he began driving the Taurus just before the police noticed them and only because Anderson was a bad driver. McCraney claimed that he ran because he was already on probation for robbery and did not have a driver's license. He testified that he gave the police a false name for the passenger in order to protect Anderson.
McCraney attacked the credibility of the owner of the Taurus. The owner testified at trial that he had left the car unlocked and the key in the ignition on the day it was stolen. However, the police report that was signed by the owner stated that the car was locked and the keys were not in the ignition.
The prosecution attacked the credibility of both McCraney and Anderson. The prosecution pointed out their inability to coherently and consistently explain what they had done that afternoon while they drove around in the Taurus. Also, the prosecution noted that Anderson had never come forward to tell his story until trial and McCraney had admittedly lied about the identity of Anderson.
Although McCraney and Anderson offered an innocent explanation for the circumstantial evidence arrayed against McCraney, we cannot find that the jury clearly lost its way in rejecting their story. "When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. Additionally, a jury's assessment of credibility is entitled to considerable deference. See Thompkins, supra at 390 (Cook, J., concurring). Thus, we conclude that McCraney's convictions were not against the manifest weight of the evidence.
Having so disposed of McCraney's weight of the evidence argument, we similarly dispose of his sufficiency argument.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
REECE, J. CONCUR